Dolores E. Gonzales, Esq. (SBN: 171306)
BRAVO LAW GROUP, A.P.C.
4025 Camino Del Rio South, Suite 300
San Diego, CA 92108
Telephone: (858) 300-1900
Facsimile: (858) 300-1910
dolores.gonzales@bravolawgroup.com

Attorney for Defendants
AIRSTREAM, INC.; and LIN CONSULTING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| ARCHER FAMILY TRUST; and DONALD ARCHER, <br><br> Plaintiffs, <br><br> v. <br><br> THOR MOTOR COACH, INC.; and LIN CONSULTING, LLC, <br><br> Defendants. | CASE NO.: 2:21-cv-06678–SB-SKx <br><br> **POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF AIRSTREAM, INC., TO TRANSFER VENUE TO OHIO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(a)** <br><br> Date: 01/14/22 <br> Time: 8:30 a.m. <br> Judge: Hon. Stanley Blumenfeld, Jr. <br> Dept.: 6C <br><br> Complaint Filed: 08/18/21 <br> Amended Complaint Filed: 09/24/21 <br> Trial Date: 06/27/22 |

Defendant AIRSTREAM, INC. ("AIRSTREAM") respectfully submits the following memorandum of points and authorities in support of its motion, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States Federal Court for the Southern District of Ohio, Western Division, pursuant to the mandatory forum selection clause in its limited warranty:

I.

**STATEMENT OF AIRSTREAM'S POSITION**

The "Airstream Limited Warranty" which accompanied the AIRSTREAM subject vehicle purchased by plaintiffs contains a provision that requires that all actions to

enforce rights which buyers may assert pursuant to breach of warranty be brought in the state of Ohio. Federal courts enforce forum selection clauses such as the one in AIRSTREAM's warranty in all but the most exceptional circumstances. AIRSTREAM submits this case does not involve any exceptional circumstances and, therefore, requests that this case be transferred to federal court in Ohio.

## II.

## STATEMENT OF FACTS

On October 31, 2020, plaintiffs signed a contract for their purchase of a 2021 Airstream Interstate, bearing vehicle identification number WDAFF4CD1KT015089 from Airstream Orange County in Midway City, California. *See,* Retail Installment Sale Contract, a copy of which is lodged concurrently herewith as Exhibit A to the notice of lodgment in support of Airstream, Inc.'s motion to transfer venue to Ohio Federal Court pursuant to 28 U.S.C. § 1404(a) ("the Notice of Lodgment"). A Limited Warranty issued by Airstream, Inc. accompanied the sale of the subject vehicle. A true and correct copy of the Airstream Limited Warranty is lodged concurrently herewith as Exhibit B to the Notice of Lodgment.

In capital letters in AIRSTREAM's Limited Warranty, in the section entitled "Legal Remedies", purchasers such as plaintiffs are advised that

> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND BREACH OF IMPLIED WARRANTIES ARISING BY OPERATION OF LAW AS WELL AS THOSE RELATING TO REPRESENTATIONS OF ANY NATURE RESTS IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS OHIO.** (Capitalization original.) (**Bolding** emphasized.)

*See,* page 2 of Exhibit B to the Notice of Lodgment.

///

///

|   |   |
|---|---|
| 1 | Despite the requirement in AIRSTREAM's Limited Warranty that any suit |
| 2 | asserting breach of warranty be filed in Ohio, plaintiffs filed, on August 18, 2021, their |
| 3 | complaint in the United States District Court for the Central District of California, Case |
| 4 | Number 2:21-cv-06678-SB-SK ("Complaint"), alleging damages based on breach of |
| 5 | implied warranty of merchantability under Song-Beverly Warranty Act and Magnuson- |
| 6 | Moss Warranty and breach of express warranty under Song-Beverly Warranty Act and |
| 7 | Magnuson-Moss Warranty, a copy of which is lodged concurrently herewith as Exhibit |
| 8 | C to the Notice of Lodgment. On September 24, 2021, plaintiffs filed a first amended |
| 9 | complaint, withdrawing Thor Motor Coach, Inc. and instead naming Airstream, Inc. and |
| 10 | Mercedes-Benz USA, LLC, a copy of which is lodged concurrently herewith as Exhibit |
| 11 | D to the Notice of Lodgment. AIRSTREAM was served with plaintiffs' first amended |
| 12 | complaint on or about October 1, 2021. |
| 13 | In their complaint, Plaintiffs acknowledge receiving AIRSTREAM's warranty, declaring |
| 14 | that "**Plaintiffs' purchase of the INTERSTATE was accompanied by express warranties** |
| 15 | **offered by Defendants, AIRSTREAM and MERCEDES, and extending to Plaintiffs.** |
| 16 | **These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase** |
| 17 | **of the INTERSTATE.**" (*See*, Page 4, Paragraph 13 of Exhibit D to the Declaration of Dolores |
| 18 | Gonzales, **emphasis added**.) Plaintiffs again confirmed receipt of AIRSTREAM'S |
| 19 | warranty in paragraph 23 stating "**The sale of the vehicle to Plaintiffs were** |
| 20 | **accompanied by an express warranty**." (*See*, Page 6, Paragraph 23 of Exhibit D to the |
| 21 | Declaration of Dolores Gonzales, **emphasis added**.) |
| 22 | On October 21, 2021, AIRSTREAM filed its answer to plaintiffs' first amended |
| 23 | complaint, a copy of which is lodged concurrently herewith as Exhibit E to the Notice |
| 24 | of Lodgment. The 34th affirmative defense in the answer alleges "[p]ursuant to the |
| 25 | forum selection clause in the documents governing the transaction at issue, venue for |
| 26 | this matter is proper only in the Courts in Ohio." |
| 27 | /// |
| 28 | /// |

## III.

## AUTHORITY FOR THIS MOTION

As the United States Supreme Court instructed in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, 134 S.Ct. 568 (2013), "a forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a)" and not through a motion to dismiss pursuant to 28 U.S.C. § 1406(a) for improper venue. The reason for this, the Court explained, is that venue may be proper in the forum in which the complaint was filed and, therefore, that forum was not "improper" and a motion to dismiss would not be in order. Instead, a forum selection clause is to be enforced through a motion to transfer venue under section 1404(a), the basis raised by AIRSTREAM in its answer and this motion.

## IV.

## THIS CASE SHOULD BE TRANSFERRED TO FEDERAL COURT IN OHIO PURSUANT TO THE FORUM SELECTION CLAUSE IN AIRSTREAM'S LIMITED WARRANTY

In *Atlantic Marine*, the Supreme Court also reminded that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" 134 S.Ct. at 580 (citation omitted). In determining whether a case should be transferred pursuant to a forum selection clause, a plaintiff's choice of forum is given no weight. The plaintiff bears the burden of demonstrating the lawsuit should not be transferred to the forum to which the parties had agreed (*id*. at 581) and an argument by the plaintiff that the agreed-to forum is inconvenient should not be a consideration for the court. (*Id*.) The reason for this is that

> [w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business

together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583.

The forum selection clause in AIRSTREAM's Limited Warranty is unquestionably a mandatory forum selection clause as it states that the courts in Ohio have "exclusive jurisdiction" over lawsuits such as the present one, thereby identifying the sole venue for this case. *See generally, Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 & n.24 (11th Cir. 1999). The court in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (1987), provided examples of provisions which were deemed mandatory forum selection clauses:

> [I]n *Pelleport* [*Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984)], the language used was exclusive and mandatory: "this Agreement shall be litigated *only* in the Superior Court for Los Angeles (*and in no other*)." *Pelleport*, 741 F.2d at 725 (emphasis added). In *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72 (S.D.N.Y.1978), the court enforced the following language as exclusive: "any dispute . . . *shall be brought* in either San Diego or Los Angeles County." (emphasis added). In both of these cases it is clear that the language mandates more than that a particular court has jurisdiction. The language mandates that the designated courts are the only ones which have jurisdiction.

817 F.2d at 77-78. In contrast, the provision at issue in *Hunt Wesson Foods* simply stated that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Id.* at 76. The court concluded this language invested those courts with jurisdiction over a dispute between the parties but were not the sole courts in which litigation had to be pursued.

"For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent

to make that jurisdiction exclusive." *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citation omitted). AIRSTREAM's forum selection clause does precisely that–by using the phrase "exclusive jurisdiction", it conveys that lawsuits arising from breach of that warranty **<u>can only be brought</u>** in Ohio. It does not merely contemplate that such litigation may be brought in Ohio; it intends that such litigation must be brought in Ohio. Therefore, the provision is mandatory in nature and because, as discussed below, plaintiffs should be unable to satisfy their burden of proving they will be deprived of their ability to pursue their rights in an Ohio court, this motion should be granted.

Even though plaintiffs may cite to the fact that the forum selection clause is found in a pre-printed limited warranty and argue, therefore, it should not be given conclusive weight, the United States Supreme Court has held similar terms are enforceable as long as they are not unreasonable or fundamentally unfair. *See, Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), where the Supreme Court found valid and enforceable a forum selection clause in a pre-printed ticket for a cruise. *See also, Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2nd Cr. 1995), where that court, too, found enforceable a forum selection clause in a pre-printed ticket which stated, just above the provision at issue, "IMPORTANT NOTICE—READ BEFORE ACCEPTING". Here, plaintiffs' acknowledge in their Complaint receiving the AIRSTREAM Limited Warranty which contains the forum selection clause meaning plaintiffs were on notice of the requirement that any lawsuit asserting breach of the warranty had to be brought in an Ohio court.

In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Supreme Court held that a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10. Thus, the burden, and it is a heavy burden, falls on plaintiffs to demonstrate the forum selection clause in AIRSTREAM's warranty should not be applied. Generally, "[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining

power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, [such a] provision should be respected as the expressed intent of the parties." *Pelleport, supra*, 741 F.2d at 280. Here, there is no viable assertion that the forum selection clause was the product of fraud or undue influence. "For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product of fraud or coercion.'" *Richards v. Lloyd's of London*, 135 F.3d 1289, 1291 (9th Cir. 1998) (citation omitted). When plaintiffs are unable to present any evidence of such fraud or coercion, this court should comfortably order this case transferred to federal court in Ohio.

The "serious inconvenience" exception to enforcement of forum selection clauses requires the objecting party to demonstrate that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen, supra*, 407 U.S. at 19. Plaintiffs, being residents of California, do not satisfy this serious inconvenience exception: "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citation omitted).

V.

**PLAINTIFFS' RIGHTS UNDER SONG-BEVERLY WILL BE PRESERVED IF THIS CASE GOES FORWARD IN OHIO**

Plaintiffs will assert that they could lose rights they might assert under Song-Beverly if the forum selection clause in AIRSTREAM's Limited Warranty is enforced and they pursue their claims in an Ohio court. AIRSTREAM recognizes the California legislature made, with certain exceptions, a buyer's rights under Song-Beverly essentially unwaivable. (*See*, California *Civil Code* § 1790.1. and § 1751) Therefore, to allay any concerns in that regard, AIRSTREAM will stipulate by this motion that the Song-Beverly Act will apply to Plaintiffs' warranty claims pursued in an action in Ohio and that AIRSTREAM will not oppose a request that the Ohio court utilize Song-Beverly to adjudicate those allegations. (*See*, Declaration of

Dolores E. Gonzales.) Defendants LIN CONSULTING, LLC and MERCEDES-BENZ USA, LLC, by way of their respective joinders, will stipulate to the same. Should Plaintiffs wish, AIRSTREAM, LIN CONSULTING, LLC and MERCEDES-BENZ USA, LLC will sign a stipulation to that effect.

A stipulation to preserve a plaintiff's unwaivable rights in the context of a mandatory forum selection clause was contemplated and endorsed by the court in *Verdugo v. Alliantgroup, L.P.*, (2015) 237 Cal.App.4th 141. There, plaintiff signed an employment agreement with defendant which contained a forum selection clause stating that the sole venue for disputes between the parties would be in a county in Texas. The agreement also contained a choice of law provision that Texas law would apply to plaintiff's claims. Plaintiff brought a class action lawsuit claiming defendant violated California's wage and hour laws. On defendant's motion, the trial court stayed the action based on the forum selection clause. The court of appeal reversed that order because, it determined, forcing plaintiff to litigate in Texas could have resulted in the loss of rights under the California Labor Code which the legislature had made unwaivable.

The appellate court explained that, because unwaivable statutory rights were at issue, the normal burden of proof (that the party resisting application of a forum selection clause had the burden of demonstrating why the provision should not be enforced) shifted to the defendant which was tasked with showing that proceeding in Texas would not diminish plaintiff's rights guaranteed under California law. In the case before it, the court found the defendant failed to meet this burden because it simply argued,

> enforcing the forum selection clause will not diminish [plaintiff's] statutory rights because, "[u]nder Texas'[s] choice of law doctrine, a Texas court *would most likely* apply California law to plaintiff's claims notwithstanding the [Employment Agreement's] choice of law provision." (*Italics* added.)

(237 Cal.App.4th at 158.) This "posutlat[ing] about what a Texas court [was] 'likely' to do" was insufficient to convince the appellate court that plaintiff's unwaivable rights under California law would be enforced in a Texas court. (*Id.*)

///

However, the *Verdugo* court observed there had been an option available to the defendant to ensure that plaintiff's substantive rights would not have been lost if the forum selection clause were to be enforced:

> [Defendant] could have eliminated any doubt about which law would apply to [plaintiff's] claims by stipulating to have the Texas courts apply California law, but it did not do so. Instead, [defendant] acknowledged Texas might apply California law while simultaneously minimizing the significance of the California statutory rights on which [plaintiff] bases her claims. [Defendant] therefore has not shown [plaintiff's] unwaivable statutory rights will not be diminished.
>
> . . .
>
> [Defendant] could have eliminated any uncertainty on which law a Texas court would apply by stipulating to have a Texas court apply California law in deciding [plaintiff's] claims, but [defendant] did not do so. Instead, [defendant] has preserved its ability to argue to a Texas court that it should apply Texas law, and [defendant] has hinted at its intention to do so by downplaying the significance of the statutory rights [plaintiff] seeks to enforce through this action.

(*Id.* at 145, 158.)

By stipulating that Song-Beverly will apply to Plaintiffs' claims, should they file an action in Ohio, AIRSTREAM has "eliminated any doubt" and "eliminated any uncertainty" which law an Ohio court will apply to Plaintiffs' allegations. Unlike the defendant in *Verdugo*, Plaintiffs' unwaivable rights as to AIRSTREAM and Defendants LIN CONSULTING, LLC and MERCEDES-BENZ USA, LLC under Song-Beverly will not be diminished by enforcement of the mandatory forum selection clause.

The *Verdugo* court also explained that mandatory forum selection clauses generally are valid:

> A mandatory forum selection clause such as the one included in [defendant's] Employment Agreement is generally given effect unless enforcement would be unreasonable or unfair. ""Mere inconvenience or additional expense is not the test of unreasonableness..."" for a mandatory forum selection clause. []" A clause is reasonable if it has a logical connection with at least one of the parties or their transaction.

(*Id.* at 147 (citations omitted).) Between AIRSTREAM's stipulation that Song-Beverly will apply to Plaintiffs' claims against it and the fact that Ohio has a logical connection with

///

AIRSTREAM which is located in that state, the enforcement of the mandatory forum selection clause at issue would be neither unreasonable nor unfair.

In sum, Plaintiffs' unwaivable rights against AIRSTREAM and/or Defendants LIN CONSULTING, LLC and MERCEDES-BENZ USA, LLC provided by Song-Beverly will not be affected by enforcement of the mandatory selection clause in AIRSTREAM's Limited Warranty and this case should be transferred.

## VI.
## CONCLUSION

Plaintiffs' cause of action under the Song-Beverly Warranty Act and Magnuson-Moss Warranty Act relate to alleged breaches of warranty. As such, Plaintiffs are subject to the mandatory forum selection clause in AIRSTREAM's Limited Warranty. Because it is not unreasonable for this court to enforce this clause, AIRSTREAM, with Defendants LIN CONSULTING, LLC and MERCEDES-BENZ USA, LLC joining, respectfully request that this court transfer venue of this case to the United States Federal Court for the Southern District of Ohio, Western Division.

BRAVO LAW GROUP, A.P.C.

Dated: 11-29-21

By: Dolores E. Gonzales
Dolores E. Gonzales, Esq.
Attorney for Defendants
AIRSTREAM, INC.; and
LIN CONSULTING, LLC

| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE (Abbreviated)<br>*Archer v. Thor Motor Coach, Inc., et al.* | |
| ATTORNEY(S) NAME AND ADDRESS<br>Dolores E. Gonzales, Esq.<br>**BRAVO LAW GROUP, A.P.C.**<br>4025 Camino Del Rio South, Suite 300<br>San Diego, California 92108<br>TELEPHONE (858) 300-1900<br>FAX: (858) 300-1910 | |
| ATTORNEY(S) FOR:<br>Defendants AIRSTREAM, INC.; and LIN CONSULTING, LLC | HEARING: DATE- TIME-DEPT | CASE NUMBER<br>2:21-cv-06678-SB-SKx |

## DECLARATION OF SERVICE

I, the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 4025 Camino Del Rio South, Suite 300, San Diego, California 92108.

I served the following document(s):

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF AIRSTREAM, INC., TO TRANSFER VENUE TO OHIO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(A)**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

__X__  **BY ELECTRONIC FILING**: By attaching a true copy of the above-entitled document(s) to the E-Filing System of the United States District Court, Central District of California on November 29, 2021. The file transmission was reported as complete and a copy of the Filing Receipt page will be maintained with the original document(s) in our office.

___  **BY E-MAIL**: I caused to be transmitted via electronic mail to the e-mail address as identified above, a true copy of the above-described document(s) on November 29, 2021.

___  **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on November 29, 2021. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 29, 2021, at San Diego, California.

*/s/ Dolores E. Gonzales*
**DOLORES E. GONZALES**

## SERVICE LIST

| COUNSEL | PHONE/FAX NOS. | REPRESENTING |
|---|---|---|
| Richard C. Dalton, Esq.<br>RICHARD C. DALTON, LLC<br>P.O. Box 358<br>Carencro, LA 70520-0358<br>rick@rickdaltonlaw.com | (337) 371-0375 | PLAINTIFFS |
| Ryan K. Marden, Esq.<br>Brian Yasuzawa, Esq.<br>Samantha Brignoni, Esq.<br>HAWKINS PARNELL & YOUNG, LLP<br>445 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90071<br>rmarden@hpylaw.com<br>byasuzawa@hpylaw.com<br>sbrignoni@hpylaw.com | (213) 486-8000<br><br>FAX (213) 486-8080 | MERCEDES-BENZ USA, LLC |